Bronson J.
The complainants in their bill virtually admit the validity of the agreement between Allcott and J. Strong, unless the same was procured by the fraudulent professions and representations of the latter. The alleged fraud in procuring the agreement is denied both in the plea and the answer; and this ends the question in the present stage of the cause. The complainants rust file a replication and go to their proofs, if they intend to rely on that objection to the agreement.
The complainants agreed to take lands from J. Strong, who is the principal debtor, at the valuation of certain individuals, after deducting ten per cent, from the aggregate amount of the appraisement. The lands were subject to incumbrances to the amount of f>4800, payable at future periods; of which sum J. Strong agreed to pay $2800 as the same should become due. The judgment was to remain as a collateral security that he would pay off so much of the incumbrances; and also that he would pay any balance that might remain due on the judgment within ten months.
If we give a reasonable construction to the agreement, so as to carry into effect the manifest intention of the parties, the following things were provided for: 1. A reasonable time was given to have the lands appraised and conveyed.. What would be a reasonable time, it is not important to inquire. 2. If the ■ parties went on with the agreement, J. Strong would have time to *252 pay off his share of the incumbrances, ($2800,) until the money became due. That was nearly eight months as to the sum of $500 secured by one of the mortgages. When the other mortgage, upon which he was to pay $2300, would become due, does not appear. 3. As to the balance which might remain due on the judgment, time of payment for ten months was given. 4. The complainants were to take land) instead of money, for the whole or some part of the debt. 5. The complainants could not proceed with the collection of the debt until after a reasonable time had elapsed for procuring the appraisement and conveyance of the land. And when these things were done, there would then be a stay of proceedings on the judgment until a default in paying off the incumbrances, or a default in paying the balance due on the judgment, as to which a credit of ten months was given.
This agreement was made between the creditors and the principal debtor, without the consent of the surety. Where time is thus given to the principal debtor, by a valid agreement, which ties up the hands of the creditor, though it be but for a single day, it is quite clear that the surety is discharged. The principle is the same whether the time be long or short. The creditor must be in such a situation that when the surety comes to be substituted in his place by paying the debt, he may have an immediate right of action against the principal. If that right can be postponed for a single day, it may be for a month or a year.
But there is a further objection. The creditors had agreed to take land, instead of money, for the whole or a part of the debt. Until there was some breach of the agreement on the part of J. Strong, the creditors had no right to demand money from either principal or surety. If the surety had paid the debt and been substituted in the place of the creditors, he would only have acquired the right to receive payment in land. When the rights and obligátions of the parties are thus changed without the consent of the surety, it cannot admit of a doubt that he will be discharged. In contemplation of law it is an injury to the surety, although the court may not be able to see that he has suffered any damage.
*253 The chancellor and the vice chancellor did not differ about the principles of laxv applicable to the case; but only in relation to the proper interpretation of the agreement. My construction has already been given.
It was not denied on the argument but that the relation of principal and surety, with all the rights incident to that relation, continued after the original debt had passed into a judgment.
I am of opinion that the decree of the chancellor should be affirmed.
On the question being put “Shall this decree be reversed?” all the members of the court present who heard the argument, seventeen in number, voted for affirming.
Decree affirmed.